# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

In re:                                 §
                                       §
PAMELA JEAN LOWERY                     §    Case No. 15-19823
                                       §
            Debtor                     §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. A petition under chapter 7 of the United States Bankruptcy Code was filed on 06/05/2015 . The undersigned trustee was appointed on .

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

| | | |
|---|---|---|
| 4. The trustee realized gross receipts of | $ | 27,000.00 |
| Funds were disbursed in the following amounts: | | |
| Payments made under an interim disbursement | | 0.00 |
| Administrative expenses | | 0.00 |
| Bank service fees | | 20.00 |
| Other payments to creditors | | 0.00 |
| Non-estate funds paid to 3rd Parties | | 0.00 |
| Exemptions paid to the debtor | | 0.00 |
| Other payments to the debtor | | 0.00 |
| Leaving a balance on hand of[1] | $ | 26,980.00 |

The remaining funds are available for distribution.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. §326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (5/1/2011) *(Page: 1)*

     5.  Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

     6.  The deadline for filing non-governmental claims in this case was  12/04/2015  and the deadline for filing governmental claims was  12/04/2015 . All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved.  If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

     7.  The Trustee's proposed distribution is attached as **Exhibit D**.

     8.  Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $ 3,279.86 . To the extent that additional interest is earned before case closing, the maximum compensation may increase.

     The trustee has received $ 0.00  as interim compensation and now requests a sum of $ 3,279.86 , for a total compensation of $ 3,279.86 [2].  In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $ 0.00 , and now requests reimbursement for expenses of $ 56.44 , for total expenses of $ 56.44 [2].

     Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 08/10/2016                    By: /s/Peter N. Metrou, Trustee
                                                  Trustee

**STATEMENT**: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

---

[2] If the estate is administratively insolvent, the dollar amounts reflected in this paragraph may be higher than the amounts listed in the Trustee's Proposed Distribution (Exhibit D).

**FORM 1**
**INDIVIDUAL ESTATE PROPERTY RECORD AND REPORT**
**ASSET CASES**

Exhibit A

| Case No: | 15-19823 | BWB | Judge: | Bruce W. Black | Trustee Name: | Peter N. Metrou, Trustee |
| Case Name: | PAMELA JEAN LOWERY | | | | Date Filed (f) or Converted (c): | 06/05/2015 (f) |
| | | | | | 341(a) Meeting Date: | 07/06/2015 |
| For Period Ending: | 08/10/2016 | | | | Claims Bar Date: | 12/04/2015 |

| 1 | 2 | 3 | 4 | 5 | 6 |
|---|---|---|---|---|---|
| Asset Description (Scheduled and Unscheduled (u) Property) | Petition/ Unscheduled Values | Est Net Value (Value Determined by Trustee, Less Liens, Exemptions, and Other Costs) | Property Formally Abandoned OA=554(a) | Sale/Funds Received by the Estate | Asset Fully Administered (FA)/ Gross Value of Remaining Assets |
| 1. Checking Acct. No. 4102443101, Union Bank (Centrue | 35.00 | 0.00 | | 0.00 | FA |
| 2. Debtor's furniture, furnishings, applicances Locat | 300.00 | 0.00 | | 0.00 | FA |
| 3. Debtor's clothing, shoes Location: 332 E. Church S | 200.00 | 0.00 | | 0.00 | FA |
| 4. 2014 Federal income tax refund | 1,182.00 | 0.00 | | 0.00 | FA |
| 5. 2014 State of Illinois income tax refund | 105.00 | 0.00 | | 0.00 | FA |
| 6. 2009 Nissan Versa | 5,500.00 | 0.00 | | 0.00 | FA |
| 7. 1991 Chevrolet Caprice | 300.00 | 0.00 | | 0.00 | FA |
| 8. Disgorgement of Attorneys Fees          (u) | 0.00 | 1,000.00 | | 1,000.00 | FA |
| 9. Probate Estate Interest          (u) | Unknown | Unknown | | 26,000.00 | FA |
| 10. Residence at 332 E. Church St. Oglesby, IL  (u) | 81,900.00 | Unknown | | 0.00 | FA |

Gross Value of Remaining Assets

TOTALS (Excluding Unknown Values)          $89,522.00          $1,000.00          $27,000.00          $0.00

(Total Dollar Amount in Column 6)

Major activities affecting case closing which are not reflected above, and matters pending, date of hearing or sale, and other action:

Debtor waived discharge; probate estate case pending.

RE PROP #       8  --  Disgorgement of Attorneys fees per court order.
RE PROP #       9  --  Probate interest not disclosed but discovered by Trustee
RE PROP #      10 --  Debtor filed an amended Schedule A including this real property.  However, this real property was not titled to the Debtor but it was part of the undisclosed probate estate discovered by the Trustee.

Initial Projected Date of Final Report (TFR): 10/01/2016          Current Projected Date of Final Report (TFR): 10/01/2016

UST Form 101-7-TFR (5/1/2011) *(Page: 3)*

## FORM 2
### ESTATE CASH RECEIPTS AND DISBURSEMENTS RECORD

Exhibit B

| | |
|---|---|
| Case No: 15-19823 | Trustee Name: Peter N. Metrou, Trustee |
| Case Name: PAMELA JEAN LOWERY | Bank Name: Associated Bank |
| | Account Number/CD#: XXXXXX5512 |
| | Checking Account (Non-Interest Earn |
| Taxpayer ID No: XX-XXX3227 | Blanket Bond (per case limit): $1,000,000.00 |
| For Period Ending: 08/10/2016 | Separate Bond (if applicable): |

| 1 | 2 | 3 | 4 | 5 | 6 | 7 |
|---|---|---|---|---|---|---|
| Transaction Date | Check or Reference | Paid To / Received From | Description of Transaction | Uniform Tran. Code | Deposits ($) | Disbursements ($) | Account/CD Balance ($) |
| 11/25/15 | 8 | GEARHART, GARY L. 951 Fifth Street LaSalle, IL 61301 | Disgorgement of Attorneys Fees | 1290-000 | $1,000.00 | | $1,000.00 |
| 01/08/16 | | Associated Bank | BANK SERVICE FEE | 2600-000 | | $10.00 | $990.00 |
| 04/23/16 | 9 | Gearhart Law Office 951 Fifth Street LaSalle, IL 61301 | Recovery of undisclosed inheritance Partial recovery of inheritance funds | 1290-000 | $26,000.00 | | $26,990.00 |
| 05/06/16 | | Associated Bank | Bank Service Fee under 11 U.S.C. § 330(a)(1)(B), 503(b)(1), and 507(a)(2) | 2600-000 | | $10.00 | $26,980.00 |

| | | |
|---|---|---|
| COLUMN TOTALS | $27,000.00 | $20.00 |
| Less: Bank Transfers/CD's | $0.00 | $0.00 |
| Subtotal | $27,000.00 | $20.00 |
| Less: Payments to Debtors | $0.00 | $0.00 |
| Net | $27,000.00 | $20.00 |

UST Form 101-7-TFR (5/1/2011) *(Page: 4)*   Page Subtotals:   $27,000.00   $20.00

Exhibit B

TOTAL OF ALL ACCOUNTS

| | NET DEPOSITS | NET DISBURSEMENTS | ACCOUNT BALANCE |
|---|---|---|---|
| XXXXXX5512 - Checking Account (Non-Interest Earn | $27,000.00 | $20.00 | $26,980.00 |
| | $27,000.00 | $20.00 | $26,980.00 |
| | (Excludes account transfers) | (Excludes payments to debtors) | Total Funds on Hand |

| | |
|---|---|
| Total Allocation Receipts: | $0.00 |
| Total Net Deposits: | $27,000.00 |
| Total Gross Receipts: | $27,000.00 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:15-19823-BWB  
Debtor Name: PAMELA JEAN LOWERY  
Claims Bar Date: 12/4/2015  
Date: August 10, 2016

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 100 2100 | Peter N. Metrou<br>123 W. Washington St., Ste 216<br>Oswego, IL  60543 | Administrative<br>Payment Status:<br>Valid To Pay | | $0.00 | $3,279.86 | $3,279.86 |
| 100 2200 | Peter N. Metrou<br>123 W. Washington St., Ste 216<br>Oswego, IL  60543 | Administrative<br>Payment Status:<br>Valid To Pay | | $0.00 | $56.44 | $56.44 |
| 100 3110 | Peter N. Metrou<br>123 W. Washington St., Ste 216<br>Oswego, IL  60543 | Administrative<br>Payment Status:<br>Valid To Pay | | $0.00 | $1,200.00 | $1,200.00 |
| 100 3120 | Peter N. Metrou<br>123 W. Washington St., Ste 216<br>Oswego, IL  60543 | Administrative<br>Payment Status:<br>Valid To Pay | | $0.00 | $15.75 | $15.75 |
| 1 300 7100 | AMERICAN INFOSOURCE LP<br>AS AGENT FOR<br>TD Bank, USA<br>PO Box 248866<br>Oklahoma City, OK  73124-8866 | Unsecured<br>Payment Status:<br>Valid To Pay | | $0.00 | $367.75 | $367.75 |
| 2 300 7100 | COMMERCE BANK<br>P O BOX 419248<br>KCREC-10<br>Kansas City, MO  64141-6248 | Unsecured<br>Payment Status:<br>Valid To Pay | | $0.00 | $1,023.05 | $1,023.05 |
| 3 300 7100 | CAPITAL RECOVERY V, LLC<br>c/o Recovery Management Systems<br>Corporat<br>25 SE 2nd Avenue Suite 1120<br>Miami, FL  33131-1605 | Unsecured<br>Payment Status:<br>Valid To Pay | (3-1) WAL-MART MASTERCARD | $0.00 | $6,540.66 | $6,540.66 |
| 4 300 7100 | CAPITAL RECOVERY V, LLC<br>c/o Recovery Management Systems<br>Corporat<br>25 SE 2nd Avenue Suite 1120<br>Miami, FL  33131-1605 | Unsecured<br>Payment Status:<br>Valid To Pay | (4-1) JCPENNEY CREDIT SERVICES | $0.00 | $1,427.58 | $1,427.58 |
| 5 300 7100 | CHASE BANK USA, N.A.<br>Attn: Correspondence Dept.<br>POB 15298<br>Wilmington, DE  19850-5298 | Unsecured<br>Payment Status:<br>Valid To Pay | | $0.00 | $2,586.59 | $2,586.59 |

Exhibit C
ANALYSIS OF CLAIMS REGISTER

Case Number: 1:15-19823-BWB  
Debtor Name: PAMELA JEAN LOWERY  
Claims Bar Date: 12/4/2015  

Date: August 10, 2016

| Code # | Creditor Name And Address | Claim Class | Notes | Scheduled | Claimed | Allowed |
|---|---|---|---|---|---|---|
| 7<br>300<br>7100 | BARCLAYS BANK DELAWARE<br>c/o Scott K. Brown, Esq.<br>Lewis Roca Rothgerber<br>201 E. Washington<br>Phoenix, AZ  85004 | Unsecured<br>Payment Status:<br>Valid To Pay | (7-1) Account Number (last 4 digits):7965 | $0.00 | $8,157.54 | $8,157.54 |
| 6<br>400<br>4110 | CITIZENS BANK<br>1 Citizens Drive<br>MailStop ROP15B<br>Riverside, RI  02915 | Secured<br>Payment Status:<br>Withdrawn | (6-1) Account Number<br>Claim Withdrawn<br>Claim No. 8 Filed | $0.00 | $3,141.71 | $0.00 |
| 8<br>400<br>4210 | CITIZENS BANK N.A.<br>1 CITIZENS DRIVE MAILSTOP ROP15B<br>RIVERSIDE, RI 02915 | Secured<br>Payment Status:<br>Valid To Pay | Replaces Claim No. 6 | $0.00 | $559.68 | $559.68 |
|  | Case Totals |  |  | $0.00 | $28,356.61 | $25,214.90 |

Code#: Trustee's Claim Number, Priority Code, Claim Type (UTC)

## TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 15-19823
Case Name: PAMELA JEAN LOWERY
Trustee Name: Peter N. Metrou, Trustee

Balance on hand $ 26,980.00

Claims of secured creditors will be paid as follows:

| Claim No. | Claimant | Claim Asserted | Allowed Amount of Claim | Interim Payment to Date | Proposed Payment |
|---|---|---|---|---|---|
| 8 | CITIZENS BANK N.A. | $ 559.68 | $ 559.68 | $ 0.00 | $ 559.68 |

Total to be paid to secured creditors $ 559.68

Remaining Balance $ 26,420.32

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| Reason/Applicant | Total Requested | Interim Payments to Date | Proposed Payment |
|---|---|---|---|
| Trustee Fees: Peter N. Metrou | $ 3,279.86 | $ 0.00 | $ 3,279.86 |
| Trustee Expenses: Peter N. Metrou | $ 56.44 | $ 0.00 | $ 56.44 |
| Attorney for Trustee Fees: Peter N. Metrou | $ 1,200.00 | $ 0.00 | $ 1,200.00 |
| Attorney for Trustee Expenses: Peter N. Metrou | $ 15.75 | $ 0.00 | $ 15.75 |

Total to be paid for chapter 7 administrative expenses $ 4,552.05

Remaining Balance $ 21,868.27

Applications for prior chapter fees and administrative expenses have been filed as follows:

NONE

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $ 0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

NONE

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 20,103.17 have been allowed and will be paid pro rata only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 100.0 percent, plus interest (if applicable).

Timely allowed general (unsecured) claims are as follows:

| Claim No. | Claimant | Allowed Amount of Claim | Interim Payments to Date | Proposed Payment |
|---|---|---|---|---|
| 1 | AMERICAN INFOSOURCE LP AS AGENT FOR | $ 367.75 | $ 0.00 | $ 367.75 |
| 2 | COMMERCE BANK | $ 1,023.05 | $ 0.00 | $ 1,023.05 |
| 3 | CAPITAL RECOVERY V, LLC | $ 6,540.66 | $ 0.00 | $ 6,540.66 |
| 4 | CAPITAL RECOVERY V, LLC | $ 1,427.58 | $ 0.00 | $ 1,427.58 |
| 5 | CHASE BANK USA, N.A. | $ 2,586.59 | $ 0.00 | $ 2,586.59 |
| 7 | BARCLAYS BANK DELAWARE | $ 8,157.54 | $ 0.00 | $ 8,157.54 |
| | Total to be paid to timely general unsecured creditors | | | $ 20,103.17 |
| | Remaining Balance | | | $ 1,765.10 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

NONE

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

NONE

To the extent funds remain after payment in full to all allowed claims, interest will be paid at the legal rate of 0.3 % pursuant to 11 U.S.C. § 726(a)(5). Funds available for interest are $ 63.73 . The amounts proposed for payment to each claimant, listed above, shall be increased to include the applicable interest.

The amount of surplus returned to the debtor after payment of all claims and interest is $ 1,701.37 .